# Thomas Wright, plaintiff in error, *vs.* Adam Antrim, defendant in error.

## *Error to Henry.*

The question of costs upon granting a new trial, is left to the discretion of the District Court.

This was an action of sssumpsit brought by Wright against Antrim, in the District Court of Henry county.

The point saved for the consideration of the Supreme Court, is contained in the statement of the counsel for the plaintiff in error.

Errors assigned:

1. The court erred in rendering up judgment for costs against Wright at the September term, 1842, which costs were made at the March term, 1842.

2. The court erred in giving costs against the plaintiff.

J. C. HALL, for plaintiff in error:

At the March term of the court, 1842, there was a trial in this case and a verdict for the defendant. Thereupon, on motion of the plaintiff the verdict was set aside, and a new trial granted. No order whatever was made as to costs, and no condition attached to the granting of the new trial. It appears to be unconditional. At the September term 1842, the second trial was had, and verdict for the plaintiff. Whereupon the court rendered a judgment against the plaintiff for the costs of the March term,

Costs follow a recovery as a right, not at the discretion of the court. True, the court may punish a party with costs if they do wrong, may relieve them upon conditions, but the court cannot reinstate a party, and after a party has availed himself of the favor, fix the terms and price of that favor. If the court had granted the new trial, and made it upon condition of paying costs, it would have been right. Then the party could have relied upon his bill of exceptions, and appealed to the Supreme Court, or taken the new trial upon the terms offered. He was not bound to take the new trial if the terms did not suit him.— Then with what kind of right can the court, after he has received it

without condition, decide upon the condition and fix the price of the favor.

PER CURIAM, MASON, CHIEF JUSTICE.—The question of costs upon granting a new trial, is left to the discretion of the District Court. We do not feel disposed to interfere with that discretion, even in the present instance, although the costs were awarded at a subsequent term, against the party obtaining a new trial. The circumstances might have been such as to justify the court in such a case, and such will be presumed to have been the fact, under the present circumstances of this case.

Judgment affirmed.